**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jimmy Green, Jr., #3438-171, ) | Case No. 2:25-cv-11516-TMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden J. Gilley, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Jimmy Green, Jr. ("Green" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, filed this civil action on August 26, 2025, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

On January 22, 2020, Green was sentenced by the United States District Court for the District of South Carolina to a term of 70 months in prison after pleading guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1] *United States v. Green*, Crim. Case No. 6:19-cr-463-TMC-1 (D.S.C. Jan. 22, 2020) (Dkt. No. 49). Green then brought the instant petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 on the basis that his federal sentence was supposed to run concurrent with certain state charges, and the Federal Bureau of Prisons ("BOP") was not executing that sentence properly. *Green v. Gilley*, Case No. 2:25-cv-

---

[1] The undersigned takes judicial notice of the records filed in Green's underlying criminal proceedings. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts).

11516-TMC-MGB (D.S.C.) (Dkt. Nos. 1, 10). With respect to relief, Green asked that the Court "correct" his time served to reflect the concurrent sentences and "let [him] go home to [his] family." Case No. -11516 (Dkt. No. 1-1; Dkt. No. 1 at 8). Notably, Green also filed a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 in his underlying criminal action presenting an almost identical argument regarding the execution of his sentence. Crim. Case No. -463 (Dkt. No. 73). On September 23, 2025, the sentencing judge, Chief Judge Timothy M. Cain, entered an order directing the Government to file a response to Green's motion within fourteen days. Crim. Case No. -463 (Dkt. No. 81).

In light of the activity in Green's underlying criminal action, the undersigned issued an order on September 25, 2025, entering a brief stay pending the resolution of Green's § 2255 motion. Case No. -11516 (Dkt. No. 13). *See Thomas v. Andino*, No. 3:20-cv-1552-JMC, 2020 WL 5593847, at *2 (D.S.C. Sept. 18, 2020) ("The court may raise the issue of a stay *sua sponte*."); *see also Xodus Med. Inc. v. Mullen*, No. 7:21-cv-727-DCC, 2022 WL 593955, at *3 (D.S.C. Feb. 28, 2022) (granting stay to "reduce the burden of duplicative litigation and eliminate the risk of inconsistent rulings and conflicting decisions"). The undersigned noted that once Green's § 2255 motion was resolved, the Court would restore the instant action to the docket.

On October 28, 2025, following a full briefing on Green's § 2255 motion, Chief Judge Cain issued an order liberally construing the motion as one for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and finding that Green had set forth reasons sufficient to meet a threshold showing of compelling and extraordinary reasons for release under the applicable policy statement. Crim. Case No. -463 (Dkt. No. 91). Having considered the § 3553(a) factors, the Court granted the motion for compassionate release, staying the order for up to fourteen days for the verification of Green's residence and/or establishment of a release plan, to make appropriate travel arrangements,

2

and to ensure Green's safe release. Crim. Case No. -463 (Dkt. No. 91). According to the BOP's inmate database, it appears Green was ultimately released from prison on or around November 6, 2025.[2]

## STANDARD OF REVIEW

Under the established local procedure in this judicial district, a careful review has been made of Green's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[3] the Anti-Terrorism and Effective Death Penalty Act of 1996; and the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Green is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed; if not, Respondent must respond. *Id.* Because Green is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

With the resolution of Green's motion for compassionate release by Chief Judge Cain, the

---

[2] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (limiting search to "Jimmy Green" and Register Number 34381-171) (last visited Dec. 11, 2025); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).
[3] *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

3

undersigned finds it appropriate to now restore the instant case to the Court's active docket. Nevertheless, the undersigned recommends that this case be dismissed as moot, as Green has already received the very relief he seeks. Mootness principles derive from the requirement in Article III of the United States Constitution that federal courts adjudicate only those disputes involving "a case or controversy." *See* U.S. Const., art. III, § 2, cl. 1. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). In other words, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Brown & Pipkins, LLC v. Serv. Employees Int'l Union*, 846 F.3d 716, 728 (4th Cir. 2017); *see also Williams v. Ozmint*, 716 F.3d 801, 808–09 (4th Cir. 2013) ("'[I]t is not enough that a dispute was very much alive when [the] suit was filed,' but the parties must continue to have a 'particularized, concrete stake' in the outcome of the case through all stages of litigation.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)). A court is "deprived of jurisdiction" once a case becomes moot. *Id.* at 809.

"In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance." *See Davis v. Warden, FPC Alderson*, No. 1:24-cv-379, 2025 WL 2304790, at *2 (S.D.W. Va. July 18, 2025), *adopted*, 2025 WL 2301385 (S.D.W. Va. Aug. 8, 2025) (collecting cases). "Where a petitioner elects only to challenge the execution of his sentence and not the validity of the conviction or sentence, collateral consequences are irrelevant." *Lara v. Lefever*, No. 1:22-cv-588, 2023 WL 4782668, at *2 (S.D.W. Va. May 5, 2023), *adopted*, 2023 WL 4770116 (S.D.W. Va. July 26, 2023); *see also James v. Janson*, No. 9:22-cv-3452-MGL-MHC,

4

2023 WL 3958437, at *2 (D.S.C. May 26, 2023), *adopted*, 2023 WL 3948566 (D.S.C. June 12, 2023) ("[B]oth the Fourth Circuit and courts within the District of South Carolina have dismissed sentence-focused habeas petitions as moot after a petitioner was released from custody.").

Such is the case here, as Green's § 2241 petition strictly challenges the BOP's execution of his concurrent sentences and seeks release from prison under the correct calculation. *See* Case No. -11516 (Dkt. No. 1 at 5–8). Because Chief Judge Cain has since granted Green release, any such requests are now moot. *See, e.g.*, *Sinani v. Warden FCI Edgefield*, No. 2:23-cv-3624-DCC-MGB, 2024 WL 3862662, at *3 (D.S.C. June 20, 2024), *adopted*, 2024 WL 3861554 (D.S.C. Aug. 19, 2024) (dismissing § 2241 petition as moot because it challenged "only the execution of a prison sentence" and the petitioner had since been released from federal custody); *Balaban v. Warden, FPC Alderson*, No. 1:20-cv-481, 2023 WL 2994162, at *1 (S.D.W. Va. Mar. 21, 2023) (finding it appropriate to dismiss § 2241 petition as moot where the sentencing court granted petitioner's motion for compassionate release, such that she had already been released); *see also Friedman's*, 290 F.3d at 197 (explaining that a claim for injunctive relief is moot when "there is no effective relief available in federal court that [the plaintiff] has not already received").

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the Court dismiss Green's petition as moot, without requiring the Respondent to file a response.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 12, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).